# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| IN RE: | CASE NO. 2:10-bk-21060 |
| PHILIP RICHARD ROGERS and JILL DENISE ROGERS, | CHAPTER 7 |
| Debtors. | JUDGE FRANK W. VOLK |
| PHILIP RICHARD ROGERS and JILL DENISE ROGERS, Plaintiffs, v. SELENE FINANCE, LP, Defendant. | ADVERSARY PROCEEDING NO. 2:14-ap-02068 |

## MEMORANDUM OPINION AND ORDER

Pending is the motion by Defendant Selene Finance, LP, ("Selene") to dismiss this action ("Motion") [Dckt. 63].[1]

The Plaintiffs, Philip and Jill Rogers, initiated this adversary proceeding seeking a declaration that Selene violated federal law by harassing the Rogers. Additionally, the Rogers seek relief under 11 U.S.C. § 105, petitioning the Court to cancel their indebtedness to Selene along with "other fines and damages" that the Court deems appropriate.

---

[1] The Court has also received the September 27, 2016, motion from the Rogers seeking that discovery and trial be held in abeyance for six months inasmuch as one of the plaintiffs is afflicted with a serious health condition. The matter may be first discussed among the Rogers and opposing counsel in the event the Rogers continue the pursuit of this action pursuant to the terms of this Memorandum Opinion and Order. It is **ORDERED** that the motion be, and hereby is, **DENIED** without prejudice.

In the Motion, Selene contends that the Rogers have failed to state a claim upon which relief can be granted. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(i) and the Court has jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

**I.**

The Rogers petitioned for relief under Chapter 7 on October 28, 2010 (the "Bankruptcy Proceeding"). On February 2, 2011, the Rogers received their discharge. On August 26, 2011, the Court granted the Rogers' Motion to Compel CitiMortgage, Inc. ("CitiMortgage") to Provide Written Detailed Information Concerning Mortgage Loan of Debtors. CitiMortgage was adjudged in contempt on April 13, 2012, and was again required to provide written information concerning the Rogers' mortgage loan, as well as paying the Rogers' attorney fees. CitiMortgage was adjudged in contempt a second time on February 21, 2013, and was, a third time, required to provide written information regarding the Rogers' mortgage loan and cover the Rogers' attorney fees. Bankr. Proceeding Dkt. 48.

The Rogers filed the instant adversary proceeding on February 26, 2014. In their complaint, the Rogers stated that they were seeking cancelation of their indebtedness to Selene under 11 U.S.C. § 105 due to alleged violations of federal laws. The Rogers stated that on two separate occasions following discharge, Selene sent representatives to the Rogers' home respecting a loan obligation. The first instance occurred on January 22, 2013, when "a man who would not identify himself, gave to Philip Richard Rogers, a card with a number which later was found to be the number for Selene Finance, and told Mr. Rogers to call that number." (Compl. at 1-2).

The second alleged violation of the discharge injunction occurred the following day on January 23, 2013. Another Selene representative arrived at the Rogers' home and requested that

2

they not attend their bankruptcy court hearing that day and instead attempt to reach a settlement with Selene. The Rogers attended the hearing and Mr. Rogers testified concerning the visits by a Selene representative. The Rogers claim that Selene continues to send letters and "mak[e] demanding phone calls." (Compl. at 3).

## II.

### A.   Governing Standard

Federal Rule of Civil Procedure 12(b)(6) is made applicable to adversary proceedings by its insolvency counterpart, Federal Rule of Bankruptcy Procedure 7012(b). Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562-63); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 558. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*, 780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Wright v. N. Carolina*, 787

3

F.3d 256, 270 (4th Cir. 2015); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks and citation omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly* 550 U.S. at 570.

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "'accept as true all of the factual allegations contained in the complaint . . . .'" *Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555); *see also South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The Court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

While the Court liberally construes *pro se* pleadings, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it must not stray over the line and advocate for the litigant. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Analysis**

Selene seeks to have this case dismissed inasmuch as "Debtors' three-page Complaint vaguely alleges only violations of non-specific 'Federal Laws.'" (Mot. at 1). Selene is correct. The operative pleading fails to state a claim upon which relief can be granted. The facts

alleged by the Rogers, along with their unadorned assertion that Selene's conduct violated "Federal Law," fall well short of the Rule 12(b)(6) bar.

It is, accordingly, **ORDERED** that Selene's Motion be, and hereby is, **GRANTED** to the extent that the Rogers have until October 15, 2016, to file an amended complaint herein, a motion for contempt against Selene in the main case, or both.

Noncompliance with this Memorandum Opinion and Order will result in the dismissal without prejudice of this adversary proceeding, as the Rogers will be deemed to have failed to prosecute the matter pursuant to Federal Rule of Civil Procedure 41(b) and the factors espoused in *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990).

In the event that the Rogers file an amended complaint as permitted, the parties are directed to meet and confer on or before October 30, 2016, and tender to the Court on or before November 15, 2016, a proposed scheduling order, giving due regard to the health issues mentioned.

The Clerk shall transmit a copy of this written opinion and order to counsel of record and, additionally, to the Rogers at their last known address, via certified mail, return receipt requested.

Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia