Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

Dated: January 5th, 2018

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| IN RE:<br><br>PHILIP RICHARD ROGERS and<br>JILL DENISE ROGERS,<br><br>　　　　　　　Debtors. | CASE NO. 2:10-bk-21060<br><br>CHAPTER 7<br><br><br>JUDGE FRANK W. VOLK |
| PHILIP RICHARD ROGERS and<br>JILL DENISE ROGERS,<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>SELENE FINANCE, LP,<br><br>　　　　　　　Defendant. | ADVERSARY PROCEEDING NO.<br>2:14-ap-02068 |

### ORDER ON THE DEBTORS' MOTION FOR CONTEMPT

Pending is the Rogers' Petition for Contempt Against Selene Finance, LP for Violations of the Automatic Stay, which was originally filed in the now-closed adversary proceeding, captioned *Rogers v. Selene Finance* (no. 2:14-ap-2068) [A.P. Dckt. 93], along with the Rogers' Motion to Reconsider the Court's Order Denying Debtors' Request for Contempt Against Selene Finance [A.P. Dckt. 144].

Previously, this case came before the Court for hearing on August 16, 2017 respecting the Rogers' Motion to Reconsider Dismissal of Case and the Rogers' Petition for Contempt by Selene Finance, LP, by Violating the Automatic Stay. The Petition for Contempt was originally filed in the *Rogers v. Selene Finance* adversary proceeding (no. 2:14-ap-2068) as a

Motion for Contempt (doc. 93) and was converted to the Petition for Contempt in the main case on March 16, 2017 (the "2017 Petition for Contempt"). The Rogers' Motion to Reconsider Dismissal of Case, which was filed in the adversary proceeding, is treated as a Motion to Reconsider the Court's Order Denying Debtors' Request for Contempt Against Selene Finance [A.P. Dckt. 144]. Pursuant to an order entered on June 19, 2017 on the adversary proceeding docket, the Motion to Reconsider was to be held in abeyance while the Court held an evidentiary hearing on the Petition for Contempt.

At the hearing, the Court discussed with the parties what appeared to have been the prior adjudication of the instant contempt matter by the undersigned's predecessor. The Court continued the hearing generally and directed the parties to review the aforementioned order, entered on February 21, 2013, and found on the main case docket at number 48. The parties submitted responses to the Court's direction; the Rogers on August 29, 2017, and Selene Finance, LP ("Selene") on August 31, 2017.

## I.

The Rogers petitioned for relief under Chapter 7 on October 28, 2010 (the "Bankruptcy Proceeding"). On February 2, 2011, the Rogers received their discharge. On August 26, 2011, the Court granted the Rogers' Motion to Compel CitiMortgage, Inc. ("CitiMortgage") to Provide Written Detailed Information Concerning Mortgage Loan of Debtors. CitiMortgage was adjudged in contempt on April 13, 2012, and was again required to provide written information concerning the Rogers' mortgage loan, as well as paying the Rogers' attorney fees. CitiMortgage was adjudged in contempt a second time on February 21, 2013, and was, a third

2

time, required to provide written information regarding the Rogers' mortgage loan and cover the Rogers' attorney fees. [Main Case Dckt. 48].

The Rogers filed the above-captioned adversary proceeding on February 26, 2014. In their complaint, the Rogers stated that they were seeking cancelation of their indebtedness to Selene under 11 U.S.C. § 105 due to alleged violations of federal law.

On January 23, 2013, the Rogers appeared before the predecessor judge on a Motion for Contempt Against CitiMortgage (the "2013 Motion for Contempt') [Dckt. 38]. At the hearing (the "2013 Contempt Hearing"), only the Rogers, represented by counsel at that time, appeared. [Dckt. 44, p. 1]. Neither CitiMortgage nor Selene appeared. [*Id.*]. The 2013 Motion for Contempt had been filed against CitiMortgage due to its failure to provide the Rogers' with a full account of their mortgage loan. [Dckt. 38].

However, at the 2013 Contempt Hearing, the Rogers brought forth new allegations against CitiMortgage and Selene, alleging that representatives from one or both of those entities appeared at the Rogers' home on two occasions prior to the hearing. [Dckt. 44, p. 3]. Mr. Rogers was sworn and testified regarding these incidents. [Dckt. 44, p. 6]. The first "visit" was around 10:00 a.m. on January 22, 2013 (the day before the 2013 Contempt Hearing). [*Id.*]. An individual who refused to identify himself appeared at the Rogers' home and handed Mr. Rogers some documents, explaining that Mr. Rogers should call a "Loan Resolution Center." [Dckt. 44, p. 10]. Then, on the morning of the 2013 Contempt Hearing, another unidentified individual appeared at the Rogers' house. [Dckt. 44, p. 11]. He asked if the Rogers had been provided the documents from the previous day and if they had been instructed to call the Loan Resolution Center. [*Id.*]. He additionally told Mr. Rogers that he did not need to attend the contempt hearing that day and that they could "settle" things if Mr. Rogers called a specific telephone number, which he provided.

3

[Dckt. 44, p. 12, 22].  Mr. Rogers further testified that he did not feel intimidated, but that he and his wife were left feeling "uneasy." [Dckt. 44, p. 12].  Mr. Rogers and his counsel also mentioned that Selene had sent either a letter or letters which could potentially be characterized as "an attempt to collect the debt." [Dckt. 44, p. 17].  The predecessor judge commented during the hearing that "the visit which apparently was made by some agent authorized by Selene yesterday and today is outrageous . . . ," and "therefore, [the Court is] going to void and set aside any right of Selene and CitiMortgage to collect interest, principal payments, anything else until . . . you []commence an adversary proceeding . . . .". [Dckt. 44, pp. 18-19].

Following that hearing, the predecessor judge entered an order granting the Motion for Contempt (the "2013 Contempt Order"). [Dckt. 48].  The 2013 Contempt Order addressed both the missing mortgage loan accounting and the two visits which Mr. Rogers testified about. [*Id.*].  The Order additionally stated that "such visits to Debtors' residence were outrageous conduct for which 'deep and severe sanctions' could be imposed," and that "CitiMortgage and Selene Financial should be stopped from collecting any principal, interest, or fees on Debtors' mortgage loan until further order from [the] Court." [*Id.*].

In their 2017 Petition for Contempt, the Rogers again reference these two visits from either CitiMortgage or Selene representatives and request a finding that Selene violated the automatic stay based on the visits and on alleged "numerous phone harassing phone calls and letters" never entered into evidence or produced by the Rogers. [A.P. Dckt. 93].  The Rogers present no new information or allegations in the 2017 Petition for Contempt – it is simply a recitation of the same facts discussed in the 2013 Contempt Order and those testified to at the 2013 Contempt Hearing. [*Id.*].

Selene reports that the Rogers have not made a mortgage payment for the "better part of a decade," and specifically not since Selene took over the loan, which was prior to July of 2012 [A.P. Dckt. 100; Main Case Dckt. 18].

## II.

A.     Governing Law

The Rogers seek a contempt citation against Selene for violations of the automatic stay. As the Rogers were afforded a Chapter 7 Discharge on February 2, 2012, any action taken by Selene after that date would not offend the automatic stay, but rather the discharge injunction. Under § 524 of the Bankruptcy Code, a discharge "operates as an injunction against the commencement or continuation of an action . . . or an act, to collect . . . any such debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a)(2). Running afoul of the "discharge injunction" results in contempt of court, with potential sanctions to follow. *In re Flint*, 557 B.R. 461, 465 (Bankr. N.D. W. Va. 2016) (Flatley, C.J.). Any kind of "civil contempt for a discharge injunction violation requires a willful violation." *Id.* Proof of a willful violation must be shown by clear and convincing evidence. *Id.* And, importantly, because the bankruptcy discharge only extinguishes *personal liability* on secured debts, "lien creditors are permitted to enforce their liens post-discharge . . . ." *Id.* at 466. That means that any attempt to collect *personally from any debtors* would be improper, but communication that "clearly indicate[s] that 'the creditor is not attempting to collect the debt as a personal liability[.]'" may be permissible. *Id.*

The Rogers failed utterly, other than by mere conjecture, to offer proof that the individuals who visited their home were employed by Selene. Additionally, they have provided no

5

correspondence from Selene or a call log from Selene. Further, assuming such proof, there is no showing that Selene was attempting to collect from the Rogers *personally*. It is uncontested that the Rogers failed to make payments throughout and following their bankruptcy case. In fact, Mr. Rogers' counsel admitted in the 2013 Contempt Hearing that the Rogers had not made any mortgage payments. [Main Case Dckt. 44, p. 7]. It is thus not inconceivable that if Selene was pursuing remedies, it was doing so against the property in which it still held a valid lien and not against the Rogers personally. Nevertheless, inasmuch as there was a prior finding of contempt preceding the undersigned judge's consideration of this case, that matter is now closed.

The question of an appropriate sanction remains, but Selene has already suffered a substantial penalty for the contumacious behavior. In sum, the five (5) long years or more without receiving a single payment on the Rogers' obligation is penalty enough. The loss of use of those funds and earnings thereon, not to mention the other costs incurred incidental to this matter, suffices to bring this matter to a close.

### III.

For these reasons,

**IT IS ORDERED** that the Rogers' Motion for Contempt Against Selene Finance, which seeks imposition of a penalty beyond that already imposed by the predecessor judge [A.P. Dckt. 93] be, and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Rogers' Motion to Reconsider Dismissal of Case [A.P. Dckt. 144] be, and is hereby, **DENIED.**

**IT IS FURTHER ORDERED** that the above-captioned adversary proceeding, *Rogers v. Selene Finance, LP* (no. 2:14-ap-2068) remains **DISMISSED** and shall be **CLOSED** by the Clerk.