Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

Dated: February 13th, 2018

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| IN RE: PHILIP RICHARD ROGERS and JILL DENISE ROGERS, Debtors. | CASE NO. 2:10-bk-21060 CHAPTER 7 JUDGE FRANK W. VOLK |
|---|---|
| PHILIP RICHARD ROGERS and JILL DENISE ROGERS, Plaintiffs, v. SELENE FINANCE, LP, Defendant. | ADVERSARY PROCEEDING NO. 2:14-ap-02068 |

## MEMORANDUM OPINION AND ORDER

Pending is the Rogers' Motion to Request a Hearing on the Recent Ruling From This Court Concerning the Contempt of Selene Finance (the "Motion to Request Hearing") [Dckt. 108 in the main case and Dckt. 158 in the adversary proceeding]. No response has been filed by Selene Finance, LP ("Selene").

In the Motion to Request Hearing, the Rogers raise several points. First, the Rogers request the opportunity to subpoena their prior attorney to testify "as to the gravity of these outrageous actions" taken by Selene. Second, the Rogers assert that Selene "willfully [broke] the terms and conditions of a court ordered mediated settlement agreement," and they ask the Court

to not only honor that agreement, but to also impose fines and sanctions on Selene for breaching that contract.

Respecting the first contention, the Rogers have had multiple opportunities before the predecessor judge and the undersigned to either subpoena their prior attorney or to at least state their desire to do so. Their attempt to now raise that issue in a request for reconsideration simply comes too late.[1] Respecting the second contention, the Court concluded many months ago that the parties had not reached the settlement agreement urged by the Rogers. *See* Trans. of Hrg., *Rogers v. Selene Finance*, 2:14-ap-2068 (Bankr. S.D. W. Va. Jun. 1, 2016). There is likewise no basis for revisiting that matter.

Accordingly, it is **ORDERED** that the Rogers' Motion to Request a Hearing be, and is hereby, **DENIED.** It is further **ORDERED** that the above-captioned main case and adversary proceeding shall progress to closing in the normal course.

---

[1] The Rogers do not list a Bankruptcy Code section or Bankruptcy Rule under which they seek reconsideration. The Court will evaluate the arguments under Federal Rule of Civil Procedure 59, made applicable herein by Federal Rule of Bankruptcy Procedure 9023. *See Robinson v. Wix Filtration Corp. LLC,* 599 F.3d 403, 411 (4th Cir. 2010).

A Rule 59(e) motion is meritorious in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006). If relying upon new evidence, "a party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir.1996) (internal quotation marks omitted). The Rogers do not satisfy any of the three circumstances and have offered no justification for the failure to earlier present their former attorney.